IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Spears, | ) C/A No. 0:09-2755-RBH-PJG |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Agent Autumn Daniels, and Agent Richard Williams, | ) |
| Defendants. | ) |

The plaintiff, Dwight Spears ("Spears"), a self-represented federal prisoner, filed this action pursuant to 42 U.S.C. § 1983 against two agents of the South Carolina Department of Probation, Parole & Pardon Services. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on a motion for summary judgment filed by the defendants. (Docket Entry 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Spears of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 24.) Spears filed a response in opposition to the defendants' motion. (Docket Entry 32.) Having carefully reviewed the parties' submissions, the court finds that the defendants' motion should be granted.

**BACKGROUND**

The record shows that Spears was convicted in the South Carolina Court of General Sessions in 2005 for forgery and received a suspended sentence which included a period of probation of three years. During his period of probation, arrest warrants (Warrant No. W-24-07-0027 and W-24-07-

0028 or "the 2007 Warrants") were issued for Spears due to allegations that he violated various conditions of his probation. Spears was released on a personal recognizance bond in March of 2007. Spears was subsequently arrested by federal authorities, charged with conspiracy to murder a federal officer, and convicted following a jury trial. See United States v. Spears, Cr. No. 7:08-112-HFF-3.[1] The Honorable Henry F. Floyd, United States District Judge, sentenced Spears to, among other things, a term of imprisonment of 240 months. The defendants then obtained another warrant (Warrant No. W-24-09-0152 or "the 2009 Warrant") for violating the terms of his probation due to his federal conviction and lodged a detainer with the federal Bureau of Prisons ("BOP") for Spears to be returned to state authorities to appear for a probation revocation hearing upon the completion of his federal sentence.

Spears contends that his 240-month federal sentence has been vacated and that the detainer lodged by the defendants is therefore invalid. He further contends that the detainer resulting from the 2009 Warrant is preventing him from participated in various BOP programs. He contends that his due process rights are being violated because the defendants have not yet provided him with a hearing on the alleged probation violation. He seeks injunctive relief in the form of a court order quashing the 2009 Warrant and lifting the detainer.

---

[1] Although unclear from the record, it appears that during this time frame Spears was convicted in a separate action on federal charges of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, for which he received in January of 2008 a sentence of incarceration for 51 months. See United States v. Spears, Cr. No. 6:07-710-HMH-14.

*PJG*

# DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

*PJG*

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Spears's Claim**[2]

Spears fails to state a cognizable claim under 42 U.S.C. § 1983. The United States Supreme Court has established the process that is due before an individual's probation may be revoked: (1) written notice of the claimed violations; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person and the right to confront witnesses; (4) the right to cross examine adverse witnesses; (5) a neutral and detached adjudicator; and (6) a written statement by the factfinders as to the evidence relied upon and the reasons for revoking probation. See Gagnon v. Scarpelli, 411 U.S. 778 (1973).

To the extent that Spears contends in his Complaint that his probation has been revoked without a hearing, the defendants have presented evidence that Spears's probation has not yet been revoked. In fact, the 2009 Warrant, which contains notice of the claimed violation, has not yet been served on Spears, as he is still serving his federal sentence. Nor does due process require that the probation violation warrant be immediately served or that a probation revocation hearing immediately take place. See Moody v. Daggett, 429 U.S. 78 (1976).

In Moody, the United States Supreme Court held that a federal parolee, imprisoned for a federal crime committed while on parole, is not constitutionally entitled to an immediate parole revocation hearing when a detainer for a parole violation charge is lodged with the place of the parolee's confinement. Id. at 86.

---

[2] Although the defendants contend that they are entitled to Eleventh Amendment immunity, Spears makes clear in his response to their summary judgment motion that he is suing the defendants in their individual capacities. (Docket Entry 32-1 at 5-7.)



The Court found that the issuance of the parole violator warrant and the resulting detainer did not deprive the prisoner of any constitutional right because there was no constitutional duty to provide the prisoner with a parole revocation hearing until he was taken into custody as a parole violator by execution of the warrant. The Court held that it was the "execution of the warrant and custody under the warrant as the operative event triggering any loss of liberty attendant upon parole revocation." Id. at 87. Further, the United States Supreme Court has explained:

> A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the meaning of the terms of Art. III. Although the probation-violation charge might be based on the commission of a criminal offense, it does not result in the probationer's being "prosecuted" or "brought to trial" for that offense. . . . [T]he probation-violation charge results in a probation-revocation hearing, a proceeding to determine whether the conditions of probation should be modified or the probationer should be resentenced, at which the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial.

Carchman v. Nash, 473 U.S. 716, 725-26 (1985) (examining the Interstate Agreement on Detainers Act and holding that it is inapplicable to parole violation detainers).

Moreover, although Spears contends that the 240-month sentence for the federal conviction giving rise to the 2009 Warrant has been vacated, the court takes judicial notice that Spears's *conviction* was affirmed on appeal and that, following remand, he was recently re-sentenced by the district court pursuant to the Fourth Circuit's opinion vacating the original sentence because it was originally imposed under an erroneously cited statute. (CR No. 7:08-112-HFF, Docket Entries 189 & 220.) Spears again received a sentence of 240 months' imprisonment. Additionally, Spears contends that he signed a written waiver which would allow his state sentence resulting from a revocation of probation to run currently with his federal sentence. He provides absolutely no support for this assertion, and the defendants have presented evidence showing that Spears declined the offer

of a waiver. (See Def.'s Mem. Supp. Mot. Summ. J. Exs. 5-7, Docket Entry 22-7 to 22-9.) Consequently, since Spears elected not to participate in the waiver program, the detainer at issue was lodged.³

Finally, to the extent that Spears is alleging that the detainer lodged against him is affecting his ability to participate in BOP programs, this fails to state a claim for relief. Spears has not demonstrated that he has a constitutionally protected liberty interest in participating in these programs; therefore, he fails to state a claim under § 1983.⁴ See Moody, 429 U.S. at 88 n.9.

## RECOMMENDATION

Spears cannot show that his due process rights have been violated in connection with the 2009 Warrant or resulting detainer, which is the subject of his challenge. Accordingly, the court recommends that the defendants' motion for summary judgment (Docket Entry 22) be granted. In light of this recommendation, any pending motions (Docket Entry 26) should be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 2, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

³ The court finds that the record is insufficiently developed for the court to make a determination as to the defendants' statute of limitations argument, and therefore declines to recommend summary judgment on that basis.

⁴ The court observes that the Fourth Circuit has suggested that challenges to the effect that an allegedly invalid detainer has on the conditions of federal incarceration should be brought pursuant to a habeas corpus petition. See Norris v. Georgia, 522 F.2d 1006, 1010 (4th Cir. 1975).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).