IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| DWIGHT SPEARS, | ) | Civil Action No.: 0:09-cv-02755-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AGENT AUTUMN DANIELS, and | ) | |
| AGENT RICHARD WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation

("R&R") of United States Magistrate Judge Paige J. Gossett.[1]  In the R&R, the Magistrate Judge

recommends that the Court grant the Defendants' Motion for Summary Judgment [Docket # 22].

**Procedural History and Factual Background**

This case was initiated on October 23, 2009, when the Plaintiff filed a pro se Complaint

pursuant to 42 U.S.C. § 1983 alleging the Defendants arrested him for violation of probation

without affording him due process rights guaranteed by the Fourteenth Amendment.  On January

14, 2010, the Defendants filed the instant Motion for Summary Judgment.  Because the Plaintiff

is proceeding pro se, he was advised that a failure to respond to the Defendants' Motion could

result in dismissal of his Complaint.  Subsequently, the Plaintiff filed a Response [Docket # 32].

On July 6, 2010, the Magistrate Judge issued the R&R recommending that the Defendants' Motion

for Summary Judgment be granted.  The Plaintiff filed timely objections to the R&R, and this

matter is ripe for review.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this
matter was referred to United States Magistrate Judge Gossett for pretrial handling.

The record shows that the Plaintiff was convicted of forgery in the South Carolina Court of General Sessions in 2005, and received a suspended sentence that included a period of (3) years probation. During the Plaintiff's period of probation, a warrant was issued for his arrest due to allegations that he violated various conditions of his probation. *See* 2007 Warrant, No. W-24-07-0027. The Plaintiff was arrested on March 29, 2007, and released that same day on a personal recognizance bond to work as an informant for the Federal Bureau of Alcohol, Tobacco, and Firearms and the United States Secret Service. In June 2007, the Plaintiff was arrested on federal charges of conspiracy to defraud the United States for which he received a sentence of incarceration for 51 months in January 2008. *See United States v. Spears,* No. 6:07-cr-710-HMH-14. The Plaintiff was subsequently charged by federal authorities with conspiracy to murder a federal officer in February 2008, and convicted following a jury trial. *See United States v. Spears,* No. 7:08-cr-112-HFF-3. On October 14, 2009, the Defendants then obtained another warrant, No. W-24-09-0152 ("2009 Warrant"), for the Plaintiff's violating the terms of his probation due to his federal conviction; they lodged a detainer with the federal Bureau of Prisons ("BOP") for the Plaintiff to be returned to state authorities to appear for a probation revocation hearing upon the completion of his federal sentence.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Plaintiff objects to Magistrate Judge's recommendation that the Defendants' Motion for Summary Judgment should be granted. According to the Plaintiff, "it is clear that the Defendants have violated his due process rights that are afforded him by the protection of [the] Due Process Clause of the Fourteenth Amendment." *Objections,* p.1. "The 2007 Warrant is the primary subject of this challenge." *Id.* at 5. Specifically, the Plaintiff's first objection is that "the defendants have not yet provided him with [a] hearing on the alleged probation violation" relating to the 2007 warrant. *Id.* at 2. The Plaintiff claims that

> he was arrested by Agent Daniels for violation of probation. At no
> time prior to his arrest or after has he ever received a written notice
> of the claimed violations of his probation, disclosure of the evidence
> against him and other provisions provided him under the due process
> clause of the Fourteenth Amendment.

*Id.* The Plaintiff also states that the 2009 Warrant was issued after his probation ended in 2008 and, therefore, the Court should quash both warrants.

The Supreme Court has established the process that is due before an individual's probation may be revoked. Prior to revocation, a probationer is entitled to two hearings: a preliminary hearing following arrest, and a final revocation hearing. *Morrissey v. Brewer,* 408 U.S. 471, 485-89

(1972); *Black v. Romano,* 471 U.S. 606, 611 (1985).  At the preliminary hearing, the probationer is entitled to: (1) notice of the alleged violations of probation; (2) an opportunity to appear and to present evidence; (3) a conditional right to confront adverse witnesses; (4) an independent decisionmaker; and (5) a written report supporting whether or not there is probable cause to hold a final revocation hearing. *Gagnon v. Scarpelli,* 411 U.S. 778 (1973) (citing *Morrissey,* 408 U.S. at 487).  At a final revocation hearing, the "minimum requirements of due process" require (1) written notice of the claimed violations; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person and the right to confront witnesses; (4) the right to cross examine adverse witnesses; (5) a neutral and detached adjudicator; and (6) a written statement by the factfinder as to the evidence relied upon and the reasons for revoking probation. *Morrissey,* 408 U.S. at 489; *see Gagnon,* 411 U.S. at 786.

In *Morrissey,* the Supreme Court held that due process mandates that a revocation hearing take place within a reasonable time after a probationer is taken into custody.  However, four years later in *Moody v. Daggett,* 429 U.S. 78 (1976), the Court held that the guarantee of a prompt revocation hearing in *Morrissey* is inapplicable where an individual is in custody pursuant to a federal conviction and has a detainer lodged against him for a later revocation hearing, as such an individual has already been lawfully deprived of his liberty.  *Moody,* 429 U.S. at 87-88.  Under these circumstances, a prompt hearing is unnecessary because (1) the subsequent conviction shows probable cause that a condition of release has been violated; and (2) the detainer does not immediately deprive the inmate of liberty. *Id.* at 86 n.7.

In the instant matter, the Plaintiff has not been deprived of his due process rights afforded by the Fourteenth Amendment.  The 2007 Warrant clearly provided notice of the alleged violations of probation to the Plaintiff.  To the extent the Plaintiff contends that his due process rights were

violated by the lack of a revocation hearing and other rights after being arrested pursuant to the 2007 warrant, the Defendants have presented evidence that the Plaintiff's probation was not revoked and therefore no hearing was necessary. *See Moody,* 429 U.S. at 86 n.7; *see also Gagnon,* 411 U.S. at 791 (stating that "standards of due process prescribed in *Morrissey* [are] applicable to probation *revocations*") (emphasis added); *Gaddy v. Michael,* 519 F.2d 669, 675 (4th Cir. 1975) ("[W]here the [probation] revocation hearing is deferred pending service of the intervening sentence, the [probationer] is not left without notice of the issuance of the violator's [probation] warrant nor review of the propriety of its continued existence as a detainer.") (citation omitted). The record reveals that the Plaintiff was released on a personal recognizance bond immediately after he was arrested in March 2007 pursuant to the 2007 Warrant. Subsequently, he was arrested on *federal* charges in June 2007 and again in February 2008. As such, the Plaintiff was not held in state custody "right at 24 months after the Plaintiff's arrest of March 29, [20]07" due to revocation of his probation, rather he was being held on federal charges. *Objections,* p.4. In fact, the Plaintiff admits that his probation was not revoked. In his Complaint, the Plaintiff states: "When Agent Daniels never rescheduled another hearing, my case resumed its probationary status." *Complaint,* p.3. Further, in his objections, the Plaintiff states that "the Agents never stopped his probation from running." *Objections,* p.3. Thus, the Plaintiff's allegation that he remained in state custody from March 2007 to March 2009 for a probation violation without receiving a hearing is without merit and contradicted by the facts.

As to the Plaintiff's contention that "[t]he 2009 Warrant should be quashed because it was issued after the Plaintiff's probation case has ended," this argument is contradicted by the Plaintiff's own statements and exhibits. The 2009 Warrant was issued on October 14, 2009. In his Complaint, the Plaintiff admits that his "probation ends after October 2009," and an attached letter

from the South Carolina Department of Probation, Parole and Pardon Services ("Probation Services") corroborates this date. *Complaint,* p.6. In fact, the Plaintiff's probation was not scheduled to expire until October 31, 2009.[2] As such, the Plaintiff's claim that the 2009 Warrant was issued after his probation ended in 2008 is without merit.

Similarly, in his second objection, the Plaintiff asserts

> The Plaintiff's due process has been violated because once this warrant was served he never received a hearing of any kind on this warrant . . . . The Plaintiff will also show that 23 months after the serving of the warrant before the Plaintiff was transferred to the Federal BOP. The Defendants still did not schedule a hearing and no hearing was scheduled before the Plaintiff's probation ended.

*Objections,* p.3. Again, a revocation hearing was not necessary because the Plaintiff's probation was not revoked as a result of the 2007 Warrant and arrest. *See Moody,* 429 U.S. at 86 n.7. The Plaintiff was released on a personal recognizance bond the same day he was arrested. When he was arrested and taken into custody again in June 2007, he was being held on *federal* charges unrelated to any alleged probation violation. Thus, the Plaintiff's second objection is without merit and contradicted by the facts.

---

[2] The Court takes judicial notice of the Plaintiff's 2008 federal case in this District, *United States v. Spears,* No. 7:08-cr-00112-HFF-3. Federal courts may take judicial notice of proceedings in other federal courts of record if those proceedings have a direct relation to matters at issue. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."); *see U.S. ex rel. Geisler v. Walters,* 510 F.2d 887, 890 n.4 (3d Cir. 1975); *see also Aloe Creme Labs., Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the district court "clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time").

According to court records in that case, the Plaintiff was already incarcerated when he was convicted in state court of forgery in 2005 and sentenced to five (5) years provided upon the service of six (6) months balance suspended with three (3) years probation. He was released to probation November 1, 2006, and his probation was scheduled to expire October 31, 2009. *Docket Entry* 212, p.14.

6

Finally, the Plaintiff objects to the part of the R&R "which states that the Plaintiff has not provided proof that he signed a written waiver that would let his state sentence be run concurrent with his federal sentence." *Objections,* p.4. It appears that the Plaintiff did sign a copy of such a waiver on October 7, 2009. However, the record reveals that the Plaintiff was initially offered the waiver on May 18, 2009. He subsequently declined to sign the waiver and participate in the revocation in absence process by undated letter; instead, he attempted to "extend the hand of bargaining; and make [] a counter-offer." *Docket Entry* 22-8. This is further evidenced by a follow-up letter dated September 24, 2009, from Probation Services stating that "I am responding to your recent letter concerning your South Carolina sentence in which you have declined to participate in the revocation in absence process." *Docket Entry* 22-9. The Plaintiff's exhibits submitted with his objections indicate that he apparently changed his mind and signed the waiver on October 7, 2009, and as of April 12, 2010, Probation Services was deciding how it would proceed. *See Docket Entry* 48-1 ("Probation has your waiver form and is deciding what they need to do."). To the extent the Plaintiff claims that he should receive credit for time served in state custody on charges unrelated to his federal offense,[3] such claims, which challenge the execution of a sentence, must be filed in a petition under 28 U.S.C. § 2241 after exhaustion of administrative remedies. *See, e.g., United States v. Miller,* 871 F.2d 488, 489-90 (4th Cir. 1989).

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and

---

[3] In his Complaint, the Plaintiff stated, "I have tried to reason with the Agents despite the violation all I asked for was the 24 months I was in custody prior to my federal incarceration because it wasn't granted towards my federal sentence." *Complaint,* p.5 (emphasis added).

applied the correct principles of law.  As such, the Court agrees with the recommendations of the Magistrate Judge.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Defendants' Motion for Summary Judgment [Docket # 22] is **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 28, 2010